33010. SELLERS *v.* CITY OF SUMMERVILLE.

DECIDED APRIL 7, 1950.

*Lanham, Parker & Clary, Jesse M. Sellers Jr.,* for plaintiff.
*Wright, Rogers, Magruder & Hoyt,* for defendant.

FELTON, J. 1. The motion to dismiss the writ of error is denied. The judgment complained of is not one granting a continuance but is a final judgment on the question whether the court had a right to act in a matter ripe for adjudication at the time. There was no intention to grant a continuance as such, and the fact that the judgment had the effect of granting a continuance is immaterial.

2. The act of 1950 (Ga. L. 1950, p. 23 et seq.) created the Lookout Judicial Circuit. Section 1 provides that from and after the passage of the act a new judicial circuit of the superior courts of this State is created, composed of the Counties of Ca-

toosa, Dade, Chattooga and Walker. Section 4 is as follows: "A judge of the several counties of the Lookout Judicial Circuit shall be elected at the general election of 1950 to take office for a term beginning January 1, 1951." Section 5 is as follows: "All proceedings and litigations, civil, equitable and criminal now pending in the superior courts of the counties of the newly created Lookout Judicial Circuit, including all pleadings, petitions, indictments, special presentments, summons, processes, motions, writs, mesne and final proceedings together with all books and records of any kind or character belonging to issued, returnable, filed, pending or commenced in the several counties of the circuit to which they belonged before the passage of this Act, shall relate to, become a part of and are hereby transferred and placed in the Lookout Judicial Circuit and its jurisdiction." Section 7 amends Code § 24-2501 so as to include the new circuit in the enumeration of the judicial circuits of the State. Section 7a provides: "The Lookout Judicial Circuit shall not come into full force and effect until January 1, 1951." The answer to the question involved, whether the Rome Judicial Circuit, composed of the Counties of Floyd, Chattooga and Walker, continues in all particulars as before the passage of the said act until January 1, 1951, is found in legislative intention. The act construed as a whole shall go into effect on January 1, 1951 and not before, insofar as the organization and operation of the circuit are concerned. It would be quite unreasonable to say that the legislature intended to transfer the records to another circuit, and intended to leave four counties without a judge for almost a year. It is clear to us that the legislature intended to provide for the creation of the new circuit and to bring it into being on January 1, 1951, and that the purpose of postponing the creation of the circuit until January 1, 1951 was to provide for the election of a judge of the circuit by the people thereof before that time. We hold that none of the provisions of the act become effective before January 1, 1951, except section 4 which provides for the election of a judge at the general election of 1950. The uncertainty and confusion as to this law arises by reason of the fact that the bill as originally written provided for the appointment of a judge by the Governor to serve until December 31, 1950, and until his successor was elected and he

had qualified. The bill was amended so as to provide for the election of the judge in 1950, and section 7a was also added by amendment. The intention as to the time when the circuit would go into active operation was thus changed by reason of the change as to the election of the judge, in which case the operation of the circuit could not begin before January 1, 1951. The result of this ruling is that the Rome Judicial Circuit remains unchanged until January 1, 1951. The court erred in holding that it did not have jurisdiction to pass upon the issues involved in the instant case.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*